**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>CHARLIE RUIZ-RUIZ and SINDIEBELL CRUZ-VALENTIN,<br><br>**Defendants.** | **CRIMINAL NO. 22-232 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendants Charlie Ruiz-Ruiz's ("Defendant Ruiz" or "Ruiz") and Sindiebell Cruz-Valentin's ("Defendant Cruz" or "Cruz") (collectively, "Defendants") *Motion to Dismiss the Indictment* ("*Motion to Dismiss*") and the Government's *Response*. (Docket Nos. 270 and 285, respectively). For the following reasons, Defendants' *Motion to Dismiss* is **DENIED**.

**I.  BACKGROUND**

On May 26, 2022, a grand jury in the District of Puerto Rico returned an *Indictment* charging Defendants[1] with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) & (B) and 846; possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(vi) and 18 U.S.C. § 2; possession

---

[1] Three other defendants were also indicted in this case for conspiracy to possess with intent to distribute controlled substances, as well as some of the other charges according to their individual involvement. (Docket No. 3).

with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 18 U.S.C. § 2; and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(vii) and 18 U.S.C. § 2. (Docket No. 3). Defendant Ruiz was also charged with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2). Id. at 7.

On February 14, 2025, Defendants filed both a *Motion to Dismiss* and a *Motion to Suppress*. (Docket Nos. 270 and 271). Defendants argue the *Indictment* must be dismissed pursuant to Fed. R. Crim. P. 12(b)(3)(B) because it is: (1) legally insufficient, (2) violates the Fifth Amendment's due process clause, and (3) is based on evidenced obtained in violation of the Fourth Amendment. (Docket No. 270 at 1). Defendants assert that the Government failed to conduct a controlled delivery and provide direct evidence that Defendants "had knowledge of, accepted, or exercised control over the narcotics-laden parcels" that listed their residence as the delivery address. Id. at 3-4, 7-15. Consequently, the *Indictment* is legally defective since it "fails to allege facts sufficient to establish probable cause that Defendants knowingly committed the charged offenses." Id. at 14.

Defendants further contend the Government executed an anticipatory search warrant without first meeting the triggering condition, conducted a warrantless vehicle search, and examined

seized electronic devices without proper judicial authorization. Id. On that basis, Defendants assert that if the Court grants their pending *Motion to Suppress*, the Government will "have no admissible evidence upon which to rely to prove that the alleged crimes were committed." Id. at 4, 11, 15. Accordingly, the *Indictment* would require dismissal since the Government will be unable to meet its burden of burden. Id.

The Government filed a *Response*, arguing that Defendants' *Motion to Dismiss* is "in reality an improper challenge to the sufficiency of the evidence underlying the allegations in the Indictment." (Docket No. 285 at 1). The Government highlights that on a Rule 12 motion to dismiss, the allegations in the *Indictment* are accepted as true, and any dispute of facts is left for trial. Id. at 2-4. Further, indictments need not prove every element of the charged offense, but rather, as the Government has properly articulated here, just allege facts supporting every element of the crimes charged. Id.

## II.  LEGAL STANDARD

The Constitution of the United States requires that, "[i]n all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation." U.S. Const. amend VI. To protect that right, the Federal Rules of Criminal Procedure state that an indictment "must be a plain, concise, and definite written

statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1).

Importantly, however, the government need not recite all its evidence in the indictment. "Unlike a civil complaint that need allege facts that plausibly narrate a claim for relief, a criminal indictment need only apprise the defendant of the charged offense, so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." United States v. Rodríguez-Rivera, 918 F.3d 32, 34 (1st Cir. 2019) (citations and internal quotation marks omitted). Therefore, "an indictment that tracks a statute's terms is legally sufficient if the indictment itself gives the defendant adequate notice of the charges [he or] she must meet." United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (citations omitted).

Fed. R. Crim. P. 12(b) allows a party to "raise by pretrial motion any defense, objection or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). However, the power to dismiss an indictment pursuant to Rule 12(b) is "reserved for extremely limited circumstances" because it "directly encroaches upon the fundamental role of the grand jury." Whitehouse v. United States District Court, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing Bank of Nova Scotia v. United States, 487 U.S. 250, 263 (1988)). When evaluating a motion to

dismiss the indictment, "courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (quoting United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012)).

A motion to dismiss must attack the facial validity of the indictment and not the government's substantive case. *See* Ngige, 780 F.3d at 502 (citing United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014)). "At the indictment stage, the government need not 'show,' but merely allege, the required elements." Id. (quoting Stewart, 744 F.3d at 21). Most notably, "the government need not put forth specific evidence to survive a motion to dismiss." Ngige, 780 F.3d at 502. The First Circuit has noted that "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations[.]" United States v. Guerrier, 669 F.3d 1, 4 (1st Cir. 2011).

### III. DISCUSSION

Defendants proffer that the *Indictment* is legally defective and unsustainable since the Government's entire case depends upon unlawfully obtained evidence, the suppression of which "will leave the prosecution with no basis to sustain the charges, thereby

subjecting the indictment to dismissal for lack of evidence." (Docket No. 270 at 15).

As noted earlier, the Court must assume that the allegations in the indictment are true at this stage. *See* Ngige, 780 F.3d at 502. Further, **the Court cannot analyze the sufficiency of the indictment through the lens of the Government's burden at trial**. Instead, the Court must determine whether the indictment merely "sketches out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." Guerrier, 669 F.3d at 3. *See* United States v. Vega-Martínez, 949 F.3d 43, 48 (1st Cir. 2020) (finding that at the 12(b) stage, the court does not "evaluate the sufficiency of the evidence that the government might have to back up the indictment").

Here, the *Indictment* alleges a single count of conspiracy to possess with intent to distribute controlled substances, as well as various counts of possession with intent to distribute fentanyl, cocaine, and marijuana – plus, in the case of Defendant Ruiz, one count of maintaining a drug-involved premises. (Docket No. 3). The details in the indictment regarding the manner and means by which the conspiracy was carried out provide Defendants with enough basis to adequately prepare a defense or plead double jeopardy should any future prosecution arise for the same offense. Id. at 3-4. The

Criminal No. 22-232 (RAM)                                                                 7

same is true for each of the individual possession with intent to distribute charges. Id. at 4-6. Additionally, the charge against Defendant Ruiz for maintaining a drug-involved premises specifies the exact address and structures on the properties that are subject to the *Indictment*. Id. at 7. All of this "fairly apprises" the Defendants of the charges against which they must defend. *See* Savarese, 686 F.3d at 7.

Defendants cannot point to a pending *Motion to Suppress* and assume its favorable outcome as a rationale for dismissing the current *Indictment*. Additionally, a Rule 12(b) motion "does not 'provide an occasion to force the government to defend the sufficiency of its evidence to be marshalled in support of proving the charged offense.'" United States v. Keleher, 505 F. Supp. 3d 41, 46 (D.P.R. 2020) (citing Rodríguez-Rivera, 918 F.3d at 35).

At this stage, the Government has sufficiently alleged facts corresponding to the required elements of the crimes charged. Beyond that, the sufficiency of the Government's evidence is a matter for trial. Vega-Martínez, 949 F.3d at 49.

## IV.  CONCLUSION

Simply put, the *Indictment* adequately apprises Defendants of the pending charges, and the sufficiency of the Government's evidence is a matter for trial. Accordingly, the Court **DENIES** Defendants' *Motion to Dismiss* at Docket No. 270.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of March 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE
